# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **KAREN THOMPSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:18-cv-97-MHT-DAB** |
| | ) | |
| **TARGET CORPORATION,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

This matter is before the court on the Plaintiff's Motion to Remand to State Court. (Doc. 6).  Defendant has filed a memorandum in opposition. (Doc. 11).  The incident giving rise to this lawsuit was a slip and fall in a Target store in which the Plaintiff alleges she suffered substantial injuries.  (Doc. 1-1).  The five-count Complaint asserts exclusively state law claims of negligence; wantonness; failure to properly train, maintain, inspect, and warn; respondeat superior; and negligent hiring, training, and supervision. *Id.*

Plaintiff initiated this case in Circuit Court for Montgomery County on January 4, 2018.  *Id.*  Defendant Target Corporation ("Target") timely[1] removed the case on February 6, 2018, contending that removal was proper under 28 U.S.C. §§ 1441 and 1446 because it is an action between citizens of different states and the

---

[1] Target was served on January 9, 2018.  (Doc. 1-2 at 30).

amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. (Doc. 1). "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Because the court found reason to question the existence of its jurisdiction, the court issued an order to Target to show cause why this case should not be remanded as improvidently removed. (Doc. 5). The burden of persuasion for establishing diversity jurisdiction remains on the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

On February 15, 2018, Plaintiff moved to remand. (Doc. 5). Plaintiff's complaint did not include a demand for a specific amount of damages, and Plaintiff argues that Target fails to establish the jurisdictional amount in controversy has been satisfied. *Id.* Target filed responses to the court's show cause order and Plaintiff's motion to remand. (Docs. 10, 11). Target argues that Plaintiff seeks compensatory and punitive damages for "substantial" injuries, pain and suffering, mental anguish, and loss of wages, which demonstrate a likelihood that Plaintiff's injuries exceed the jurisdictional amount. (Doc. 10 at 2). Target additionally maintains that juries in this District have rendered verdicts in excess of the jurisdictional amount in similar premises liability cases. *Id.* at 3–4. Finally, Target contends that Plaintiff's failure to concede she seeks less than $75,000 supports Target's position that the jurisdictional threshold has been met. *Id.* at 4–5.

Federal court removal is governed by 28 U.S.C. § 1441(a), which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." Removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence, and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Williams,* 269 F.3d at 1321.

A defendant desiring to remove a civil action must file a notice of removal, together with all process, pleadings, and orders served upon the defendant in the appropriate United States District Court. 28 U.S.C. § 1446(a). The federal removal statute sets forth the proper procedure for removal of state actions to federal court and provides in relevant part:

(1) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service

3

> or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

The Eleventh Circuit has clarified the requirements of this statutory provision, explaining that "[u]nder the first paragraph of § 1446(b), a case may be removed on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n. 63 (11th Cir. 2007).  The court continued:

> Under the second paragraph, a case becomes removable when three conditions are present: there must be (1) an amended pleading, motion, order or other paper, which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can first ascertain that federal jurisdiction exists.

*Id.* (citations and quotation marks omitted). According to the *Lowery* court, "the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." *Id.* (citations omitted).

A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  To meet the amount in controversy requirement, the removing defendant must demonstrate that the amount in controversy likely exceeds the court's jurisdictional threshold:

4

> Where the complaint does not expressly allege a specific amount in controversy, removal is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.  If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed . . . A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.

*Williams*, 269 F.3d at 1319-1320.  *See also Pretka*, 608 at 754-55 (noting that a removing party may present additional evidence, such as business records and affidavits, to satisfy its jurisdictional burden, but is not required to prove the amount in controversy "beyond all doubt or to banish all uncertainty about it").

Applied here, Plaintiff's state court complaint alleges "the amount of damages being claimed by the Plaintiff exceeds the jurisdictional minimum of this court." (Doc. 1-1, ¶ 4).  As such, Plaintiff's complaint was "indeterminate" in that "the plaintiff ha[d] not pled a specific amount of damages, [thus] the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams*, 269 F.3d at 1319. Upon review of the Notice, Target has not met that burden.  Other than to generally state Plaintiff alleges personal injuries, claims pain and suffering, and asserts a claim for wantonness, the Notice of Removal is silent as the extent or amount of Plaintiff's damages.  "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an

assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F. 3d. at 1320, *see also Burns v. Windsor Ins. Co*., 31 F.3d 1092, 1097 (11th Cir.1994) (concluding that removing defendant did not meet burden of proving amount in controversy where it offered "nothing more than conclusory allegations"). Similarly, Target's responses to the court's show cause order and Plaintiff's motion to remand offer no greater clarity as to how the jurisdictional threshold is met. Target offers no underlying facts or specifics to show Plaintiff's damages likely exceed $75,000.

A review of the complaint reveals the facts alleged do not support an amount in controversy to satisfy the jurisdictional requirements of this court.  Plaintiff alleges she tripped and fell on the floor inside the Target store on water, a slippery substance, and/or debris on the floor. (Doc. 1-1, ¶ 7).  As a result, she alleges she sustained substantial injuries including "severe physical ailments; physical pain and suffering; mental anguish; physical injury; medical expenses; loss of activity; loss of income; property damage; rehabilitative expenses; plus internally or permanently injured/scarred." *Id.*, ¶¶ 11, 13, 16, 18.  Without more, Plaintiff's allegations do not appear to support this court's jurisdictional amount in controversy requirement.  Plaintiff does not allege any details about the amount of past or future medical expenses, nor does Target come forward with any evidence demonstrating such.  Target argues that Plaintiff has not specifically disclaimed that the amount in

controversy is $75,000, and that given the nature of the damages sought, Target has satisfied its burden.  In their response to the show cause order, Target summarily concludes that the nature of Plaintiff's injuries, her demand for punitive damages, and her failure to disclaim damages in excess of $75,000 satisfy its burden of establishing jurisdiction is appropriate in this court.

The court finds, however, that Target fails to carry its burden as it has presented no evidence to raise the assertion that the jurisdictional amount has been met above plain speculation. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams,* 269 F. 3d. at 1320, *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir.1994) (concluding that removing defendant did not meet burden of proving amount in controversy where it offered "nothing more than conclusory allegations"). Defendants' response to the Plaintiff's motion for remand relies on the same conclusory claim about the nature of the injuries, without offering any further evidence in support of that claim.  In this Circuit, a complaint's reference to punitive damages does not automatically satisfy the jurisdictional amount in controversy requirement so as to trigger this court's jurisdiction.  *See Williams*, 269 F.3d at 1320 (observing that "it is not facially apparent from Williams' complaint that the amount in controversy exceeds $75,000," where complaint alleged that plaintiff had suffered

7

permanent physical and mental injuries for which she sought general, special and punitive damages in unspecified amounts).   Further, the Plaintiff's "refusal to stipulate [that her claims do not exceed $75,000] standing alone does not satisfy [Defendants'] burden of proof on the jurisdictional issue." *Id.*

Accordingly and for the reasons discussed herein, it is the **RECOMMENDATION** of the undersigned that this action should be remanded to the Circuit Court of Montgomery County, Alabama, for lack of diversity jurisdiction; specifically, because the minimum amount in controversy is not evidenced or satisfied.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Accordingly, it is hereby **ORDERED** that any objections to the Report and Recommendation shall be filed on or before **April 4, 2018**.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; see also 28 U.S.C. § 636(b)(1).

**Recommended** this 21st day of March, 2018.

_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

8